IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| JACK SOTO, ) | |
| ) | |
| Plaintiff, ) | CIV. NO.: 09-cv-00096 |
| v. ) | |
| ) | |
| F & M MAFCO, INC., CHRISTIANSTED ) | |
| EQUIPMENT, and DANIEL MCKENNA ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

Finch, Senior Judge

THIS MATTER comes before the Court on Defendants Christiansted Equipment Ltd., and F&M Mafco, Inc.'s (collectively "Defendants") Motion to Stay Proceedings Pending Arbitration ("Motion to Stay"). By this motion, Defendants seek to compel Plaintiff to arbitrate his employment discrimination claims and stay this case in the District Court under the Federal Arbitration Act ("FAA"). Plaintiff resists the motion on the grounds that he never signed the arbitration agreement in question. However, Defendants have presented compelling evidence that Plaintiff manifested his assent to the arbitration agreement and that he previously initiated arbitration of claims arising from the same incidents alleged in his complaint. Accordingly, the Court grants Defendants' Motion to Stay and orders that the case proceed to arbitration in accordance with the terms of the arbitration agreement submitted by Defendants.

**I.   Background**

On November 30, 2009, Plaintiff filed a complaint against Defendants alleging that they discriminated against him on the basis of his race in violation of Title VII of the Civil Rights Act

1

of 1964, 42 U.S.C. §§2000e *et seq*. (See Complaint, Docket No. 1.) Specifically, Plaintiff alleges that Defendants denied him inside sales and management positions on the basis of his race. (Complaint ¶¶ 12-25.)

Defendants assert that Plaintiff agreed to arbitrate these claims.[1] To support this claim, Defendants have provided the Court a copy of what they allege is Plaintiff's Application for Employment with CEL ("Application"). [2] (*See* Application, Docket No. 7-2.) The ten-page Application is filled out in handwriting, lists "Jack Soto" as the applicant and includes an address, telephone and social security numbers. (*Id*. at 1.) Page five of the Application is entitled "Dispute Resolution Agreement" and continues through to page eight. (*Id*. at 5-8.) The bottom of each page of the Application is initialed by Plaintiff, including each page of the Dispute Resolution Agreement.[3]

The first paragraph of the Dispute Resolution Agreement states that [i]f you wish to be considered for employment with the Company, you must read and sign the following the Dispute Resolution Agreement. Your application will not be considered until you have signed the Agreement." (*Id*. at 5.) The Dispute Resolution Agreement also provides that:

---

[1] Christiansted Equipment Ltd. ("CEL") first filed a Motion for Stay. F&M Mafco, Inc. ("F&M") subsequently filed a separate Motion for Stay, to which CEL moved to join. The Court hereby grants CEL's motion to join. This opinion and accompanying order resolve both motions for stay. Defendant McKenna has filed a separate Motion to Dismiss or in the Alternative To Stay Proceedings Pending Arbitration which will be addressed by the Court separately.

[2] Defendant F&M has also provided the Court with Plaintiff's "Salaried Employee Agreement" with Pinnacle Services LLC. (*See* Pinnacle Agreement, Docket No. 19-5). F&M claims that the Pinnacle Agreement contains an arbitration clause similar to that in the Application and is further support for its Motion for Stay.

[3] The initials "J.S." appear at the bottom of each page and correspond to Jack Soto, Plaintiff's name. Plaintiff does not contest that he filled out the Application or that he initialed the bottom of each page.

> [A]ll claims, controversies or disputes . . . arising out of or in any way related to Applicant's application for employment by the Company . . . shall be resolved solely and exclusively by arbitration as provided in this Agreement . . . Arbitrable matters include, but are not limited to, claims under the following . . . the Civil Rights Act of 1964, 42 U.S.C. §2000e.

(*Id*. at 5-6.)

At the end of the Dispute Resolution Agreement, there are four lines. The first line is blank.[4] The second line says "Print Name:" and next to it appears Plaintiff's printed name, in handwriting. The third line says "Print Social Security No.:" and next to it is Plaintiff's social security number, in handwriting. To the left of these three lines is a "DATED" box with "January 9th, 2008" filled in with handwriting. (*Id*. at 8.)

Defendants have also presented evidence that Plaintiff previously sought arbitration of same or similar claims with the American Arbitration Association. (*See* Award of Arbitrator, Docket No. 9-2; February 13, 2008 Email, Docket No. 19-3.) The written decision of the arbitrator states that "Jack Soto . . . contends that he was promised, and thus is entitled to, either a manager's position or an inside sales job with the Respondent, Christiansted Equipment, Ltd." (*Id*. at 1.) The main difference between his previously arbitrated claims and this complaint is that he now alleges that he did not receive the manager or inside sales positions due to discrimination.

Plaintiff does not dispute that he filled out the Application, that it contained the Dispute Resolution Agreement, that he read the Dispute Resolution Agreement, that he initialed the bottom of each page of the Application, including the Dispute Resolution Agreement, that he

---

[4] This blank space is presumably where Plaintiff argues that his signature was required. Notably, page 4 of the Application contains a space marked "Applicant signature:" which is followed by Plaintiff's signature. (Application 4.) In contrast, the blank space following the Dispute Resolution Agreement is not marked "Applicant signature:". (*Id*. at 8.)

3

printed his name and social security number in the space below the Dispute Resolution Agreement, or that he previously engaged in arbitration with CEL over his claims that he should have been given the management and inside sales positions. Rather, Plaintiff claims that he "did not sign the Dispute Resolution Agreement and therefore cannot be bound to arbitration. . . Mr. Soto did not endorse the application by signature and thus, no evidence that Mr. Soto knowingly and intentionally agreed to the terms of the Dispute Resolution Agreement." (*sic*) (See Opp. to CEL's Mot. for Stay 1, Docket No. 7.) Thus, the narrow issue presented by this motion is whether there is an agreement to arbitrate.

## II. Standard of Review

"For a court to compel arbitration, it initially must find that there is a valid agreement to arbitrate because the basis for contractual arbitration is consent." *Century Indem. Co. v. Certain Underwriters at Lloyd's, London, subscribing to Retrocessional Agreement Nos. 950548, 950549, 950646,* 584 F.3d 513, 523 (3d Cir. 2009). The standard for determining whether an agreement to arbitrate exists is "the standard used by district courts in resolving summary judgment motions pursuant to Fed. R. Civ. P. 56(e)." *Richardson v. V.I. Port Auth.*, 2010 U.S. Dist. LEXIS 40787, at *8-9 (D.V.I. Apr. 21, 2010) (citing *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 159 n.3 (3d Cir. 2009)). Thus, Defendants must prove by a preponderance of the evidence that Plaintiff agreed to arbitration. Pursuant to the summary judgment standard, "[o]nce the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." *USDA Rural Hous. v. Phillips*, 2010 U.S. Dist. LEXIS 37519, *8 (D.V.I. Apr. 15, 2010) (citing *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 252 (3d Cir. 1999)). In reviewing the

evidence, the court must give the nonmoving party the benefit of all reasonable inferences. *Id*. (citing *Bray v. Marriott Hotels*, 110 F.3d 986, 989 (3d Cir. 1997)). A factual dispute is deemed genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### III. Discussion

#### a. The Parties Entered into an Arbitration Agreement

Under the FAA "a court may compel a party to arbitrate where that party has entered into a written agreement to arbitrate that covers the dispute." *Mendez v. Puerto Rican Intern. Companies, Inc.*, 553 F.3d 709, 711 (3d Cir. 2009) (citation omitted). "The Federal Arbitration Act makes written agreements to arbitrate valid, irrevocable, and enforceable on the same terms as other contracts. There must be evidence sufficient to establish the parties' consent to arbitration. As a matter of contract, no party can be forced to arbitrate unless that party has entered into an agreement to do so." *Kaplan v. First Options of Chicago, Inc.*, 19 F.3d 1503, 1512 (3d Cir. 1994) (citations and quotations omitted).

To determine whether the parties have agreed to arbitrate, the Court applies "ordinary state-law principles that govern the formation of contracts." *Belgrave v. Wyatt V.I., Inc.*, 2010 U.S. Dist. LEXIS 18022, at *5 (D.V.I. Mar. 1, 2010) (quoting *Century Indem. Co.,* 584 F.3d at 523). "Under Virgin Islands law, the essential prerequisites for the creation of a valid contract are a bargain in which there is a manifestation of mutual assent to the exchange and a consideration." *Virgin Islands Water & Power Authority v. General Electric International, Inc.*, 51 V.I. 1116, 1121 (D.V.I. 2009); *see also Univ. of V.I. v. Petersen-Springer*, 232 F. Supp. 2d 462, 469 (D.V.I. 2002) (same).

A "manifestation of assent may be made wholly or partly by written or spoken words or by other acts or failure to act." Restatement (Second) of Contracts § 19(1) (1981). [5] "[U]nder the Restatement a contract may be inferred from fact." *Bolinger v. V.I. Tel. Corp.*, 293 F. Supp. 2d 559, 564 (D.V.I. 2003) (finding that arbitration agreement in expired employment contract was enforceable because plaintiff continued employment). "Signatures are not dispositive evidence of contractual intent . . . As a general rule, signatures are not required for a binding contract unless such signing is expressly required by law or by the intent of the parties." *American Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 584 (3d Cir. 2009) (quoting *Shovel Transfer & Storage, Inc., v. Pa. Liquor Control Bd.*, 559 Pa. 56, 739 A.2d 133, 136 (1999)); *see also Roadway Exp., Inc. v. General Teamsters, Chauffeurs and Helpers Union, Local 249*, 330 F.2d 859, 863 (3d Cir. 1964) ("[T]he fact that the proposed written agreement was not signed did not demonstrate as a matter of law that there was no contract."); *Ahouse v. Herbert*, 78 A.D.2d 713, 714 (N.Y.A.D. 1980) (enforcing unsigned but initialed memorandum agreement).

Consistent with these rules, courts have enforced arbitration agreements, even in the absence of a signature, when the parties have otherwise manifested their intent to be bound by them. *See Wells v. Merit Life Ins. Co.*, 671 F. Supp. 2d 570, 574 (D. Del. 2009) (compelling arbitration because "[t]he facts presented suggest that plaintiff and her late husband reviewed the entire credit agreement, including the arbitration agreement, at least once. Their initials on the bottom of each page confirm as much."); *Delmore v. Ricoh Americas Corp.*, 667 F.Supp.2d 1129, 1136 (N.D.Cal. 2009) (compelling arbitration and finding that party's contention that arbitration clause was hidden and thus procedurally unconscionable "undercut by the fact that he

---

[5] "When there is no local law to the contrary, the courts of the Virgin Islands are instructed to follow the restatements of law approved by the American Law Institute." *USDA,* 2010 U.S. Dist. LEXIS 37519, at *10, n.4 (citing 1 V.I.C. § 4).

initialed the arbitration clause."); *Palmer v. Prevost Car, Inc.*, 2006 WL 2035710, at *6 (M.D.Tenn. 2006) (holding that plaintiff's "signature at the end of the contract and her initials on the page including the arbitration agreement evidence her understanding of the agreement and her intent to be bound by it."); *Marini v. Quality Remodeling Co.*, 2006 N.J. Super. Unpub. LEXIS 597 at *7-8 (App. Div. Feb. 10, 2006) (finding that party's initials on page containing arbitration clause was sufficient assent to arbitration clause).[6]

Here, the evidence provided by Defendants sufficiently demonstrates that Plaintiff agreed to arbitrate his employment discrimination claims. First, Plaintiff initialed each page of the Dispute Resolution Agreement "evidenc[ing] [his] understanding of the agreement and [his] intent to be bound by it." *Palmer,* 2006 WL 2035710, at *6. Second, Plaintiff manifested his assent to the arbitration agreement by printing his name and social security number and date in the spaces immediately following the Dispute Resolution Agreement. *See* Restatement (Second) of Contracts § 19(1) ("manifestation of assent may be made wholly or partly by written or spoken words or by other acts . . ."). Third, per the terms of the Application, agreeing to arbitration under the Dispute Resolution Agreement was a condition of acceptance of the

---

[6] Plaintiff, citing *Mendez v. Puerto Rican Intern. Companies, Inc.*, 553 F.3d 709 (3d Cir. 2009), argues that "[i]n the absence of a signed arbitration agreement this Court is required to deny the stay." (Opp. 1.) *Mendez*, however, is easily distinguishable. In *Mendez*, the defendant sought to compel arbitration of the discrimination claims of all forty-nine plaintiffs, despite being able to produce "written agreements signed by eight of the plaintiffs." *Id.* at 710. Furthermore, "[f]orty-one plaintiffs responded with affidavits averring that they had not entered into such agreements." *Id.* This Court denied Defendant's motion to compel as to the forty-one plaintiffs for which it could not produce a written agreement and who had averred that they never entered into one. *Id.* The Third Circuit affirmed that decision holding that the FAA "was not intended to mandate curtailment of the litigation rights of anyone who has not agreed to arbitrate any of the issues before the court." *Id.* at 711. Here, in contrast, Defendant has produced a written arbitration agreement initialed by Plaintiff. Plaintiff does not contest that he read and initialed the arbitration agreement and he has not submitted a declaration providing an adequate basis to doubt that his initialing of agreement was anything other than a manifestation of his intent to be bound by it.

Application.  (*See* Application 1.)  Defendants had no duty to consider Plaintiff's application for the inside sales position unless he "signed the Agreement." *See* Restatement (Second) of Contracts § 36(2) ("[A]n offeree's power of acceptance is terminated by the non-occurrence of any condition of acceptance under the terms of the offer.").  Finally, Plaintiff's conduct – i.e. his initiation of arbitration of claims relating to the same job application – demonstrate that he assented to the arbitration clause. *Bolinger,* 293 F. Supp. 2d at 564 (finding that arbitration agreement in expired employment contract was enforceable because parties behaved as if contract had been renewed).

Having presented sufficient evidence that there was an agreement to arbitrate, the burden now shifts to Plaintiff to show otherwise.  *Richardson*, 2010 WL 1641154, at *3.  Plaintiff has not presented sufficient evidence that he did not agree to the terms of the Dispute Resolution Agreement.  The absence of Plaintiff's actual signature is insufficient to create a genuine issue of material fact in light of his printed name, social security number, initials on each page of the Dispute Resolution Agreement, and initiation of similar arbitration claims.  *See Richardson*, 2010 WL 1641154, at *9 (holding that "[a] naked assertion ... by a party to a contract that it did not intend to be bound by the terms thereof is insufficient to place in issue the making of the arbitration agreement for the purposes of Section 4 of the Federal Arbitration Act.  Rather, there would have to be [a]n unequivocal denial that the agreement had been made, accompanied by supporting affidavits." (citing *Par-Knit Mills v. Stockbridge Fabrics Co*., 636 F.2d 51, 54-55 (3d Cir.1980))).  Plaintiff has not explained the presence of his printed name, social security number or initials on the Dispute Resolution Agreement, nor rebutted Defendant's contention regarding his prior efforts to arbitrate similar claims.  In the light of these facts, no reasonable jury could find that Plaintiff did not agree to arbitrate his claims.

Furthermore, Plaintiff's claim to employment under the Application and his prior submission of similar claims to arbitration estop him from asserting that no agreement to arbitrate exists.[7] *See E.I. DuPont de Nemours and Co. v. Rhone Poulenc Fiber and Resin Intermediates, S.A.S.*, 269 F.3d 187, 200 (3d Cir. 2001) ("In the arbitration context, the doctrine recognizes that a party may be estopped from asserting that the lack of his signature on a written contract precludes enforcement of the contract's arbitration clause when he has consistently maintained that other provisions of the same contract should be enforced to benefit him. To allow [a plaintiff] to claim the benefit of the contract and simultaneously avoid its burdens would both disregard equity and contravene the purposes underlying enactment of the Arbitration Act." (citing *International Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 206 F.3d 411, 418 (4th Cir.2000))); *see also Friedman v. Yula*, 679 F.Supp.2d 617, 628 (E.D.Pa. 2010) (Plaintiff, who relied on terms of contracts between third party and defendants to prove his claims, "cannot now walk away from the arbitration clauses in the Agreements.").

---

[7] The arbitrator indicated that he was designated as arbitrator pursuant to the Pinnacle Agreement. (Award of Arbitrator 1.) Regardless of whether Plaintiff sought arbitration of his claims under the Application or Pinnacle Agreement, his reliance on an arbitration agreement to adjudicate claims arising from the same transaction or occurrence as this case (the alleged failure to hire for management and inside sales positions) estop him from denying that his instant employment discrimination claims are subject to arbitration. *See Opals on Ice Lingerie v. Bodylines Inc.,* 320 F.3d 362, 368 (2d Cir. 2003) ("[I]f a party participates in arbitration proceedings without making a timely objection to the submission of the dispute to arbitration, that party may be found to have waived its right to object to the arbitration."); *Valley Casework, Inc. v. Comfort Construction, Inc.*, 76 Cal.App.4th 1013, 1021 (1999) ("A person who voluntarily joins an arbitration proceeding becomes a party to it and may be estopped from claiming to be exempt from the mandatory arbitration procedure.").

### b. A Stay is Appropriate

Section 3 of the FAA requires that whenever a court orders a case to arbitration pursuant to a written arbitration agreement, it must also stay "trial of the action" on application of any of the parties. 9 U.S.C. § 3; *Lloyd v. Hovensa, LLC.*, 369 F.3d 263, 269 (3d Cir. 2004) (holding that "the District Court was obligated under 9 U.S.C. § 3 to grant the stay once it decided to order arbitration."). Both CEL and F&M have applied for a stay. Because the Court orders this case to arbitration pursuant to the written agreement of the parties, the case must be stayed as to CEL and F&M.

## IV. Conclusion

The Court finds that the parties have entered into a valid arbitration agreement. Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Stay Pending Arbitration is **GRANTED.** The case shall proceed to arbitration in accordance with the terms contained in the Application for Employment (Docket No. 7-2) filed out by Plaintiff. The action against CEL and F&M is hereby **STAYED** in this Court pending arbitration.

**ENTERED this 8th day of June, 2010**.

_____/s/_____
HONORABLE RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE