## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| JACK SOTO, | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
|     **v.** | ) |
| | )    **Civil Action No. 2009-096** |
| F & M MAFCO, INC., CHRISTIANSTED | ) |
| EQUIPMENT LTD, and DAN McKENNA, | ) |
| | ) |
|       **Defendants.** | ) |
| | ) |

**Attorneys:**
**Rachel Morrison, Esq.,**
St. Croix, USVI
    *For the Plaintiff*

**Charles Lockwood, Esq.,**
St. Croix, USVI
    *For the Defendants*

## <u>ORDER</u>

THIS MATTER is before the Court on the Defendants' Motion to Dismiss, pursuant to

the Order of the Arbitrator, which was filed on September 20, 2011.  (Dkt. No. 33).  Plaintiff has

not filed a response.

On June 8, 2010, the Court granted Defendants' Motion to Stay Proceedings Pending

Arbitration, compelled arbitration, and stayed the case during the pendency of the arbitration.

(Dkt. No. 29).  In the instant Motion to Dismiss, Defendants seek dismissal of the case on the

grounds that arbitration has been completed.  Defendants include with their Motion the

Arbitrator's Order dismissing Plaintiff's claims with prejudice.  (*See* Dkt. No. 33-1).

An arbitrator's decision is binding under the Federal Arbitration Act unless "an arbitrator

manifests an infidelity to her obligation to interpret the agreement at issue, or there is corruption,

fraud or partiality, or a party was denied a fundamentally fair hearing." *Apex Fountain Sales v. Kleinfeld*, 818 F.2d 1089, 1094–95 & n.4 (3d Cir. 1987) (citations and internal quotations omitted).  Here, Plaintiff has not opposed Defendant's Motion to Dismiss, or otherwise alleged that the Arbitrator's decision is infirm.  Because arbitration has been completed and Plaintiff's claims were dismissed with prejudice by the Arbitrator, the Court finds that dismissal of the action with prejudice is appropriate.  *Bouton v. Government of Virgin Islands*, 987 F.2d 162, 168 (3d Cir. 1993) ("Since the Union agreed to arbitrate the dispute, the Union is bound by the arbitrator's decision to dismiss its claims.").  Accordingly, the Court will grant Defendants' Motion.

**UPON CONSIDERATION** of Defendants' Motion to Dismiss, the entire record herein and for the reasons stated above, it is hereby,

**ORDERED** that Defendants' Motion to Dismiss is **GRANTED**; and it is further

**ORDERED** that the case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

Date: March 14, 2012

_____/s/_____
WILMA A. LEWIS
District Judge